## UNITED STATES BANKRUPTCY COURT
## FOR THE WESTERN DISTRICT OF MICHIGAN

In re:                                    Chapter 11

Michigan Sporting Goods
Distributors, Inc.,                       Bankruptcy Case No.: 17-00612-jtg

              Debtor.          Hon. John T. Gregg

_____/

### EMERGENCY FIRST DAY MOTION OF
### MICHIGAN SPORTING GOODS DISTRIBUTORS, INC. FOR
### (A) ENTRY OF INTERIM ORDER: (I) AUTHORIZING THE USE OF CASH
### COLLATERAL AND (II) GRANTING ADEQUATE PROTECTION AND RELATED
### RELIEF; AND (B) SCHEDULING A FINAL HEARING ON THE MOTION

Michigan Sporting Goods Distributors, Inc. ("Debtor") by its proposed attorneys, Warner Norcross & Judd LLP hereby moves the Court (the "Motion") for: (A) immediate entry of an immediate order (the "Interim Order"): (1) authorizing debtor to use Cash Collateral,[1] (2) granting and affirming the adequate protection to be given to the Pre-Petition Secured Creditors pursuant to the Interim Order; and (3) scheduling a final hearing the ("Final Hearing") on this motion (the "Cash Collateral Motion"). The facts and circumstances supporting this Cash Collateral Motion are set forth below and in the affidavits of Bruce Ullery, President and Chief Executive Officer of the Debtor and Robert Summerfield, Chief Financial Officer of the Debtor.

### JURISDICTION

1.     The Court has jurisdiction, pursuant to 28 U.S.C. §§ 157(b) and 1334, over the Chapter 11 Case. Consideration of the Cash Collateral Motion is a core proceeding as defined and 28 U.S.C. §§ 157(b)(2). The statutory bases for this relief are Sections 105, 361, 363 and

---

[1] Capitalized terms not otherwise defined have the meaning ascribed in the Interim Order.

507 of the bankruptcy code and Bankruptcy Rule 4001(a), (b) and (d).  Venue of the Chapter 11 Case in the Court is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

## RELIEF REQUESTED

2.      The Debtor seeks authority to use Cash Collateral on the terms described herein in order to administer the Case and fund Debtor's operations.  At the Final Hearing, the Debtor will seek final approval of Debtor's use of Cash Collateral pursuant to a proposed final order (the "**Final Order**"), in form and substance acceptable to Wells Fargo.  Notice of the Final Hearing and Final Order will be provided in accordance with the Interim Order.

3.      The Debtor and Wells Fargo have reached an agreement concerning Debtor's use of Cash Collateral. The terms of this agreement are contained in the Interim Order attached to this Cash Collateral Motion and constitutes the "agreement to use cash collateral" for the purpose of Bankruptcy Rule 4001(d).

## CONCISE STATEMENT OF MATERIAL PROVISIONS

4.      Wells Fargo Bank, National Association ("Wells Fargo") is the only entity that has a secured interest in the Debtor's Cash Collateral.  A joint venture of Tiger Capital Group, LLC and Great American Group, LLC as the Sale Consultant has been granted a security agreement in certain proceeds of a sale or refinancing of the Debtor as is more particular described in a Consulting Agreement which the Debtor, by separate motion, wishes to assume.

5.      The Debtor has requested Wells Fargo to authorize it to use its Cash Collateral (as defined in Section 363(a) of the Bankruptcy Code) during the course of these proceedings and the Debtor and Wells Fargo have agreed on use of Cash Collateral and the protections to be afforded Wells Fargo as are set forth in the Interim Order attached hereto.

6.    The following chart lists and sets out the location of all material provisions of the agreed proposed Interim Order.

| Description of Provision | Location in Interim Order |
|---|---|
| (1) granting a priority or a lien on property of the estate under §364(c) or (d). | None |
| (2) providing adequate protection or priority for a claim that arose before the commencement of the case, including the granting of a lien on property of the estate to secure the claim, or the use of property of the estate or credit obtained under §364 to make cash payments on account of the claim. | Recital G Interim Order Page 9<br>Interim Order ¶4(a) Page 13<br>Interim Order ¶4(b) Pages13-15<br>Interim Order ¶4(c) Page 15-16<br>Interim Order ¶4(d) Page 15<br>Interim Order ¶4(e) Pages 16-17<br>Interim Order ¶5 Page 17-18 |
| (3) determining the validity, enforceability, priority, or amount of a claim that arose before the commencement of the case, or of any lien securing the claims. | Recital E(ii) Interim Order Pages 4-5<br>Recital E(iii) Interim Order Page 5-6<br>Recital E(iv) Interim Order Page 7<br>Recital E(vi) Interim Order Page 7 |
| (4) providing for a waiver or modification of Code provisions or applicable rules relating to the automatic stay. | Interim Order ¶8 Pages 18-19 |
| (5) providing for a waiver or modification of any entity's authority or right to file a plan, seek an extension of time in which the Debtor has the exclusive right to file a plan, request the use of cash collateral under §363(c), or request authority to obtain credit under §364. | Interim Order ¶18(b) Page 26<br>Interim Order ¶18(c) Page 26 |
| (6) Provisions providing for the establishment of deadlines for filing a plan of reorganization, for approval of a disclosure statement, for a hearing on confirmation, or for entry of a confirmation order. | None |
| (7) waiving or modifying the applicability of nonbankruptcy law relating to the perfection of a lien on property of the estate, or on the foreclosure or other enforcement of the lien. | Interim Order ¶9, Page 19 |
| (8) releasing, waiving, or limiting any claim or other cause of action belonging to the estate or the trustee, including any modification of the statute of limitations or other deadline to commence an action. | Recital E(iii) Interim Order Pages 5-6<br>Recital E(vii) Interim Order Pages 7-8<br>Interim Order ¶23 Pages 35-38 |
| (9) indemnifying any entity. | Interim Order ¶4(e) Pages 16-17<br>Paragraph 1.13 Prepetition Loan Agreement. |
| (10) releasing, waiving or limiting any right under §506(c). | Recital H Interim Order Pages 9-10<br>Interim Order ¶4(b)(i)(16) Page 14<br>Interim Order ¶27 Page 39 |
| (11) granting of a lien on any claim or cause of action arising under §§544, 545, 547, 548, 549, 553(b), 723(a), or 724(a). | Interim Order ¶4(b)(i)(15) Page 14, except that lien attaches only to proceeds of actions arising under § 549. |
| (12) paying professional fees of the Debtor or any committee, including any carve-outs for such payments. | Interim Order ¶20(a) Pages 32-33 |
| (13) relating to the sale of substantially all of the Debtor's assets. | Interim Order ¶15(b) Pages 24-25 |
| (14) requiring the Debtor's plan to be on terms acceptable to the secured creditor. | Interim Order ¶18(a)-(d) Pages 25-27 |

| | |
|---|---|
| (15) requiring or prohibiting specific terms in the Debtor's plan. | Interim Order ¶18(a)-(d) Pages 25-27 |
| (16) establishing that proposing a plan inconsistent with the Interim Order constitutes a default. | Interim Order ¶18(a)-(d) Pages 25-27 |
| (17) waiving surcharge under Section 506(c) and Section 522(b) for the equities of the case. | Recital H Interim Order Pages 9-10<br>Interim Order ¶27 Page 39<br>Interim Order ¶29 Page 39 |
| (18) prohibiting the Debtor from seeking approval to use cash collateral without the secured creditor's consent. | Interim Order ¶16 Page 25<br>Interim Order ¶18(b) Page 26<br>Interim Order ¶18(e) Page 27<br>Interim Order ¶33 Pages 40-41 |
| (19) binding any subsequent trustee. | Interim Order ¶4(c) Pages 15-16<br>Interim Order ¶35 Pages 41-42 |
| (20) obligating the Debtor to pay the secured creditor's professional fees. | Interim Order ¶4(e) Pages 16-17<br>Interim Order ¶25 Pages 38-39 |
| (21) remaining effective if interim relief granted, but final relief denied. | Interim Order ¶35 Pages 41-42 |
| (22) limiting Debtor's use of cash collateral. | Interim Order ¶3 Pages 11-13<br>Interim Order ¶16 Page 25<br>Interim Order ¶33 Pages 40-41 |
| (23) requiring the appointment of a financial consultant. | Interim Order ¶15(a) Pages 23-24 |
| (24) requiring the appointment of a sale consultant. | Interim Order ¶15(b) Pages 24-25 |
| (25) relating to challenge to stipulations, findings, representations and releases contained in the Interim Order. | Interim Order ¶23 Pages 35-38 |
| (26) relating to a certain Fee Letter dated February 14, 2017 in which the Debtor provides for a weekly payment to Prepetition Agent of $25,000 until the Obligations have been paid in full in cash). | Interim Order ¶4(a) Page 13 |

## PREPETITION INDEBTEDNESS

7.    As of February 13, 2017, the aggregate outstanding amount owed by the Debtor under the Prepetition Credit Documents was not less than $49,354,082.73, consisting of revolving credit loans in the outstanding principal amount of $49,317,265.41 (the "**Loans**"), and issued and outstanding letters of credit in the amount of $36,817.328.    The Debtor has an appraisal of the inventory which shows that the value of the inventory exceeds the amounts owed to Wells Fargo.

## BASIS FOR RELIEF

9.    The Debtor's need to use Cash Collateral is immediate and essential to enable the Debtor to continue operations and to administer and preserve the value of Debtor's estate.    The

ability of the Debtor to finance its operations, maintain business relationships, pay its employees, protect the value of its assets, and otherwise finance its operations requires the availability of working capital from the use of Cash Collateral. Without the ability to use Cash Collateral, the Debtor, its estate, and its creditors would be irreparably harmed.

10.     The Debtor does not have sources of working capital and financing to operate its businesses or to maintain its properties in the ordinary course of business other than the Cash Collateral.

11.     As a condition to Debtor's use of Cash Collateral, Wells Fargo has required, and the Debtor has agreed, that Cash Collateral shall be used in accordance with the Budget (a copy of which is attached as Exhibit A hereto), as the same may be modified from time to time with the prior written consent of Wells Fargo, and subject to such variances as may be permitted thereby, solely for (i) post-petition operating expenses and other working capital, (ii) certain transaction fees and expenses, (iii) permitted payment of costs of administration of the Case, including funding the Professional Fee Escrow Account in accordance with the terms and conditions of the Interim Order, and (iv) to make the Adequate Protection Payments.

12.     As a condition to the authorization to use Cash Collateral, Wells Fargo required, and the Debtor has agreed,  that Wells Fargo receive adequate protection on account of its interests in the Prepetition Collateral pursuant to sections 361, 362, and 363 of the Bankruptcy Code to the extent of any diminution in the value of their interests in the Prepetition Collateral (including Cash Collateral) resulting from the subordination to the Carve Out, the funding of the Professional Fee Escrow Account, the Debtor's use, sale or lease of such Prepetition Collateral, and the imposition of the automatic stay (collectively, to the extent of any such diminution in value).  As partial adequate protection, the Debtor proposes that Wells Fargo receive (i) subject

to the priorities set forth in paragraphs 4 and 5 of the Interim Order, the Adequate Protection Liens and the Adequate Protection Superpriority Claims; (ii) payment of the Prepetition Obligations from the proceeds of Prepetition Collateral and Post-Petition Collateral; and (iii) the Adequate Protection Payments as provided in the Interim Order.

13.     As a further condition to the authorization to use Cash Collateral in accordance with the Budget, subordinate the Adequate Protection Superpriority Claims and the Adequate Protection Liens to the Carve Out, and to fund the Professional Fee Escrow Account, the Debtor has agreed that Wells Fargo should receive a waiver of (a) the provisions of Section 506(c) of the Bankruptcy Code, and (b) any "equities of the case" claims under Section 552(b) of the Bankruptcy Code.

## **APPLICABLE AUTHORITY**

14.     Section 363(c)(2) of the Bankruptcy Code provides that a debtor may not use cash absent the consent of the entity that has an interest in such collateral or court authorization after notice and hearing. Wells Fargo has agreed to Debtor's use of Cash Collateral provided that it is used pursuant to the provisions and protections set forth in the Interim Order.

15.     Bankruptcy Rule 4001(b)(2) permits a court to approve a debtor's request for use of cash collateral during the 15-day period following the filing of a motion requesting authorization to use cash collateral, "only . . . as is necessary to avoid immediate and irreparable harm to the estate pending a final hearing."  In examining requests for interim relief under this rule, courts apply the same business judgment standard applicable to other business decisions. See, e.g., In re Simasko Production Co. , 47 B.R. 444 (D. Co. 1985), 47 B.R. at 449; see also In re Ames Dep't Stores Inc., 115 B.R. 34, 38 (Bankr. S.D.N.Y. 1990).

16.     The entry of the Interim Order will allow Debtor to use Cash Collateral to fund its immediate needs, including the funding of employee payroll. Immediate and irreparable harm will fall to the Debtor, its creditors, and its estate if the Debtor is unable to use Cash Collateral. In the absence of a court order authorizing the use of Cash Collateral, Debtor will not be able to meet its payroll land other operating expenses and will be forced to cease operations immediately.

15.     For these reasons, the Debtor requests that this Court enter the Interim Order.

## REQUEST FOR FINAL HEARING

16.     The Debtor requests the Court to set a date for Final Hearing on _____, or as soon thereafter as convenient for the Court.

## NOTICE

17.     Notice of the emergency relief requested in the Motion has been provided by the Debtor, whether by facsimile, email, overnight courier or hand delivery, to certain parties in interest, including:  (i) the U.S. Trustee for the Western District of Michigan; (ii) [the Securities and Exchange Commission]; (iii) the Internal Revenue Service; (iv) the parties included on the Debtor's list of twenty (20) largest unsecured creditors; and (v) counsel to Wells Fargo.  The Debtor has made reasonable efforts to afford the best notice possible under the circumstances and such notice is good and sufficient to permit the interim relief set forth in the Interim Order.

WHEREFORE, the Debtor requests that the Court grant the relief sought in this Cash Collateral

Motion and such other and further relief as is just and proper.

Dated: February 14, 2017                                      Respectfully Submitted,

                                                             WARNER NORCROSS & JUDD LLP

                                                             /s/ Stephen B. Grow
                                                             Stephen B. Grow (P39622)
                                                             R. Michael Azzi (P74508)
                                                             900 Fifth Third Center
                                                             111 Lyon Street NW
                                                             Grand Rapids, Michigan 49503
                                                             Telephone: (616) 752-2000
                                                             Facsimile: (616) 222-2000
                                                             sgrow@wnj.com
                                                             razzi@wnj.com
                                                             Counsel for Debtor

15460565-3