## UNITED STATES BANKRUPTCY COURT
## FOR THE WESTERN DISTRICT OF MICHIGAN

In re:

Michigan Sporting Goods
Distributors, Inc.,

           Debtor.

_____/

Chapter 11

CASE NO. 17-00612-jtg

HON. JOHN T. GREGG

### DEBTOR'S MOTION FOR AN ORDER AND
### FINAL DECREE CLOSING CHAPTER 11 CASE

NOW COMES, the above-captioned debtor (the "**Debtor**"), and moves this Court for entry of an order and final decree, substantially in the form attached hereto as Exhibit "A", closing the above-captioned Chapter 11 case. In support of this Motion, the Debtor respectfully states as follows[1]:

### JURISDICTION AND BACKGROUND

1. On February 14, 2017 (the "**Petition Date**"), the Debtor filed its voluntary petition for relief under Chapter 11 of the U.S. Bankruptcy Code, 11 U.S.C. § 101 *et seq.* (the "**Bankruptcy Code**").

2. On September 8, 2017, the Court entered its *Findings of Fact, Conclusions of Law, and Order (I) Finally Approving Disclosure Statement, and (II) Confirming Plan of Liquidation of Michigan Sporting Goods Distributors, Inc., and the Official Committee of Unsecured Creditors* [**Dkt. No. 596**] (the "**Confirmation Order**") confirming the Debtor's plan of reorganization (the "**Plan**").

3. The Plan became effective on September 19, 2017 (the "**Effective Date**"), [**Dkt. No. 619**].

---

[1] Unless otherwise defined, capitalized terms have the meanings given in the Plan.

1

4. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, and pursuant to Article XIV of the Plan. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409. This is a core proceeding pursuant to 28 U.S.C. § 157.

## Plan Distributions

5. The Plan classifies allowed, priority non-tax claims in Class 1, and non-priority, general unsecured claims in Class 2.

6. Under the Plan, creditors holding Class 1 claims are paid in full in cash on the Effective date, or as soon as practical thereafter.

7. Creditors holding Class 2 claims receive a release of liability of any Avoidance Action and a *pro rata* distribution of the Unsecured Creditor's Fund (Plan, Article VII. B).

8. Creditors holding Class 1 claims have been paid in full.

9. The Distribution Agent paid out Class 2 distributions on or about December 22, 2017.

10. The Debtor retains sufficient cash to pay remaining administrative costs and expenses and anticipates a modest rebate of the Professional Fee Holdback to the Professionals Subject to the Holdback.

## Substantial Consummation of the Plan

11. The Plan has been substantially consummated and the bankruptcy estate has been fully administered.

12. The Debtor has reviewed and reconciled proofs of claim filed in this case, focusing principally on the claims asserting priority or administrative expense status, including § 503(b)(9) Claims. All objections filed by Debtor have been resolved and the Debtor does not

anticipate filing any new or additional objections. As a result, the Debtor has substantially concluded its claims reconciliation process.

13. All allowed administrative expense claims and post-confirmation expenses of the Debtor have or will be paid in full, including all known and allowed § 503(b)(9) Claims and priority tax claims.

14. U.S. Trustee quarterly reports due for all periods through the 1st quarter of 2018 have been prepared and produced, and all associated U.S. Trustee fees will have been paid as of the date of the entry of the final decree. The proposed final decree reserves to the U.S. Trustee the right to reopen this case pursuant to 11 U.S.C. § 350(b) to seek appropriate relief if the U.S. Trustee so chooses.

15. There are no pending or unresolved contested matters or adversary proceedings pending in this case.

**RELIEF REQUESTED**

16. Pursuant to 11 U.S.C. § 350, the Debtor requests the entry of a final decree closing this Chapter 11 case and terminating the services of Rust Omni, both as Claims Agent and Distribution Agent.

17. Section 350(a) of the Bankruptcy Code provides that "[a]fter an estate is fully administered . . . the court shall close the case." 11 U.S.C. § 350(a). Bankruptcy Rule 3022 further provides that "[a]fter an estate is fully administered in a Chapter 11 reorganization case, the court, on its own motion or on motion of a party in interest, shall enter a final decree closing the case." Fed. R. Bankr. P. 3022.

18. In addition, unless the Court orders otherwise, our district's local rules require a debtor to file an application for entry of a final decree upon "substantial consummation of the plan." LBR 3022.

19. "Fully administered" is not defined in the Bankruptcy Code or the Bankruptcy Rules. However, the Advisory Committee Notes to Bankruptcy Rule 3022 list several non-exclusive factors to consider, including:

   a. whether the order confirming the plan has become final;

   b. whether payments under the plan have commenced; and

   c. whether all motions, contested matters, and adversary proceedings have been finally resolved.

Fed. R. Bankr.P. 3022, Advisory Committee Note (1991). These factors are not exclusive, and not all of them need to be met before a court enters a final decree. *In re Union Home and Indus., Inc.*, 375 B.R. 912, 917 (10th Cir BAP 2007); *In re Mold Makers, Inc.*, 124 B.R. 766, 768 (Bankr. N.D.Ill. 1990); *In re JMP-Newcor International, Inc.*, 225 B.R 462 (N.D.Ill. 1998).

20. In the present case, all of the cited factors either have been satisfied or do not apply, and the Plan has been substantially consummated: (a) the Confirmation Order has become final; (b) distributions required under the Plan have been made, including the payment of Class 1 and Class 2 claims, and administrative expense and priority claims; and (c) all motions, contested matters and adversary proceedings have been finally resolved.

21. In the final decree, the Debtor requests that the services of Rust Omni as Claims Agent and Distribution Agent be terminated and that the final decree provide that upon termination, and except as otherwise provided in the order, Rust Omni shall have no further obligations arising out of the Engagement Agreement (as defined in the *Order Authorizing Retention and Appointment Of Rust Consulting/Omni Bankruptcy as Claims, Balloting, And*

*Noticing Agent Nunc Pro Tunc to February 24, 2017* [**Dkt. No. 200**](the "**Rust Omni Retention Order**")), or otherwise to the Court, the Debtor, or any party in interest with respect to claims or noticing services in this case.

22. The proposed final decree further provides that, consistent with the Rust Omni Retention Order, that Rust Omni will, within thirty days of the entry of the final decree: (a) deliver to the Clerk's Office electronic images of the Claims Register and electronic images of all claims and supporting documentation for such claims received by Rust Omni; and (b) file in this case an affidavit: (i) attesting that the electronic images delivered to the Clerk's Office are true and correct copies of the Claims Register, claims, and supporting documentation; and (ii) stating the location and the contact information of the individual or entity in possession of the Claims Register, claims, and supporting documentation. The final decree will also order Rust Omni to retain the Claims Register, claims, and supporting documentation, unless and until the Court specifically authorizes Rust Omni to dispose of them.

23. Accordingly, the Debtor respectfully requests that the Court enter a final decree and order closing this Chapter 11 Case.

## NOTICE

24. Section 350 of the Bankruptcy Code and Rule 3022 of the Bankruptcy Rules permit a final decree to be issued and a Chapter 11 case to be closed without notice on motion or at the Court's own election. Nevertheless, the Debtor proposes to provide notice of this Motion to the United States Trustee, counsel for the Official Unsecured Creditors Committee, and all parties that, as of the filing of this Motion, have filed a notice of appearance and request for service of papers pursuant to Bankruptcy Rule 2002.

WHEREFORE, the Debtor respectfully requests that (i) the Court grant this Motion and enter an order and final decree in substantially the form of Exhibit "A" that closes the case and terminates Rust Omni's services, and (ii) grant the Debtor such other and further relief as is just and equitable.

Dated January 25, 2018　　　　　　　　Respectfully submitted,

/s/ Stephen B. Grow
Stephen B. Grow
Elisabeth M. Von Eitzen
R. Michael Azzi
WARNER NORCROSS & JUDD LLP
111 Lyon Street, NW, Suite 900
Grand Rapids, Michigan 49503
(616) 752-2418
*Counsel to Debtor and Debtor in Possession*

16720529-3